**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**PRAIRIE CAPITAL II, L.P.,**

                Plaintiff,

   - against -

**THE HOLLOW METAL PENSION FUND,**

                Respondent.
_____

**10 Civ. 8626 (JGK)**

<u>MEMORANDUM OPINION AND ORDER</u>

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Prairie Capital II, L.P. ("Prairie Capital") moves for summary judgment on Count IV of its complaint to the extent that it asks the Court to find as a matter of law that the claims in Counts I and II of the complaint should be decided by the Court and not by an arbitrator. Those claims in turn seek a declaration that Prairie Capital is not subject to control group liability for withdrawal liability from the Multiemployer Pension Plan (the "Plan"), which has been imposed on Goldsmith LLC. Counts I and II should be decided by the Court and not the arbitrator because they concern whether the plaintiff is an employer for purposes of a multiemployer pension plan. <u>See, e.g.</u>, <u>New York State Teamsters Conference Pension & Retirement Fund v. Express Servs. Inc.</u>, 426 F.3d 640, 645-47 (2d Cir. 2005); <u>Galgay v. Beaverbrook Coal Co.</u>, 105 F.3d 137, 141-42 (3d Cir. 1997). It is also true that the specific issue for which Prairie Capital seeks a determination by the Court rather

than the arbitrator is not one of the determinations by the Plan pursuant to 29 U.S.C. §§ 1381-1399 which is subject to the arbitration requirement in 29 U.S.C. § 1401(a)(1). See <u>New York State Teamsters Conference Pension & Retirement Fund</u>, 426 F.3d at 647.

The plaintiff's motion for partial summary judgment is granted. The clerk is directed to close Docket No. 10.

**SO ORDERED.**

Dated: New York, New York
April 25, 2011

_____
John G. Koeltl
United States District Judge